UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOHN ROBERT (GEARY) RISHAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-mc-68 |
| ) | |
| UNITED STATES GOVERNMENT, US ) | |
| SECRET POLICE-THE CIA, FBI, SECRET ) | |
| SERVICE HOMELAND SECURITY, ) | |
| FEDERAL DEPARTMENT OF PRISONS, ) | |
| US ARMY, US AIR FORCE, WHITE ) | |
| MARKET, PRICE CHOPPER, RITE AID ) | |
| PHARMACY, KINNEY DRUGS, TOWN ) | |
| OF ST. JOHNSBURY, NORTHEAST ) | |
| KINGDOM HUMAN SERVICES, ) | |
| LITTLETON FOOD COOP, SHAW'S ) | |
| GROCERY STORE, ST. JOHNSBURY ) | |
| FOOD COOP, and IRELAND, and all of ) | |
| their parties and privies, in their individual ) | |
| and representative capacities, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO PROCEED *IN FORMA PAUPERIS,* DENYING MOTIONS FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION,
AND DISMISSING CASE**
(Doc. 1)

Plaintiff John Robert (Geary) Rishar has filed motions seeking a temporary restraining order and a preliminary injunction against the United States Government, the U.S. Secret Police-the CIA, the FBI, the Secret Service [Department of] Homeland Security, the Federal [Bureau] of Prisons, the U.S. Army, the U.S. Air Force, White Market, Price Chopper, Rite Aid Pharmacy, Kinney Drugs, the Town of St. Johnsbury, Northeast Kingdom Human Services, Littleton Food Coop, Shaw's Grocery Store, St. Johnsbury Food Coop, and [the Republic of] Ireland, and all of

1

their parties and privies, in their individual and representative capacities. Mr. Rishar has filed an amended pleading (Doc. 5), which the court has considered for purposes of the pending motions. Mr. Rishar also has filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has submitted an affidavit that satisfies the requirements of § 1915(a) for *in forma pauperis* status. Accordingly, the request to proceed *in forma pauperis* is GRANTED. However, for the reasons set forth below, this matter is DISMISSED, and Mr. Rishar's motions for a temporary restraining order and a preliminary injunction are DENIED AS MOOT.

I.   **Allegations and Request for Relief.**

Mr. Rishar seeks an order "to get the Secret Police and all of their contractors and parties and privies to [stop] harassing, torturing, poisoning, and using the Transpondering/Radiation/Computer/Satellite/Spywear/Reagan Star Wars on People Torture and Disability Program" against him. (Doc. 5 at 1). Although Mr. Rishar did not file a separate civil complaint in this matter, pursuant to Fed. R. Civ. P. 3, the court construes the amended pleading now before the court as both a complaint and a motion for relief.

Mr. Rishar's 69-page amended pleading alleges a lengthy history of incidents involving the alleged Secret Police. The court is very familiar with these allegations, many of which have appeared in previous actions he has filed here.[1] Mr. Rishar alleges that prior to 2007, he "was an upstanding lawyer in Michigan," the United States Government began targeting him through its alleged Secret Police "Transpondering Program." (Doc. 5 at 3-4). The Transpondering Program allegedly transmits radiation throughout Mr. Rishar's body, causing a host of excruciatingly

---

[1] On March 10, 2014, the court dismissed a proposed Complaint brought by Mr. Rishar against the United States Government and several state governments on sovereign immunity grounds. *Rishar v. United States Government*, 2014 WL 910155, at *1 (D. Vt. March 10, 2014), ECF No. 3. On May 9, 2014, the court denied a request for preliminary injunctive relief and dismissed a proposed Complaint brought by Mr. Rishar against the United States Government and approximately 400 other Defendants, including state and federal government agencies, alleging claims involving the Secret Police and CIA. *See Rishar v. United States Government*, 2014 WL 1830997, at *1 (D. Vt. May 8, 2014), ECF No. 2, *aff'd* No. 14-1747 (2d Cir. July 29, 2014), ECF No. 27. On November 18, 2014, the court dismissed a matter brought by Mr. Rishar seeking to enjoin the FBI from engaging in the alleged Transpondering Program, and an appeal of that decision currently is pending before the Second Circuit. *See In re: John Rishar*, No. 2:14-mc-103 (D. Vt. Nov. 18, 2014), ECF No. 3, *appeal docketed*, No. 15-194 (2d Cir. Jan. 27, 2015). In the motion now before the court, Mr. Rishar alleges that he "is not able to wait for a decision from the Second Circuit on his appeal [from No. 2:14-mc-103] . . . because the secret police have increased the torture to make the disability more severe . . . causing the need to run somewhere else in the world to escape the tyranny." (Doc. 1-2 at 4.)

painful ailments. *Id.* at 31. Rishar alleges that the Secret Police use the Transpondering Program to prevent him from working, have forced him to receive Medicaid and disability benefits, and impair his ability to read or associate with family and friends. *Id.* at 4-5.

Mr. Rishar further alleges that the Secret Police have conspired with the other Defendants, as well as other individuals and private entities not named in the caption, to "poison" various foods, beverages, and medications purchased and ingested in various places he has lived around the country. *Id.* at 13-19. He describes these experiences as being "popped," and alleges that these incidents have caused numerous "heart attacks" and other physical ailments. For instance, he alleges that on one occasion, he purchased "poisoned Coca Cola and Kinney Water which contained Monsters that cause bleeding and blood tattoos on one's skin." *Id.* at 2. Mr. Rishar alleges that has resorted to grocery shopping 80 miles away from his home in St. Johnsbury, Vermont in order to "avoid buying poisoned food and beverages." *Id.* at 3.

Mr. Rishar also alleges that on July 8, 2015, he took a trip to Ireland "where the CIA and Irish authorities" "poison[ed] and tortur[ed]" him after the Irish government "accepted money from the US Government to torture" him. *Id.* at 3. He alleges these incidents occurred at an Irish "concentration camp." *Id.* at 1. Mr. Rishar alleges that prior to these events, he also "experienced three harassing actions" by the U.S. Army, which involved helicopters flying over his mother's house and at a hospital where Mr. Rishar was a patient. *Id.* at 38. The remainder of the amended pleading includes additional "motions" against hundreds of other individuals and entities, alleging various other forms of wrongdoing which he claims are connected to the Secret Police conspiracy.

## II. Standard of Review.

The court must read a *pro se* complaint liberally, *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009), and must interpret any supporting papers "to raise the strongest arguments that they suggest." *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (internal quotation omitted). The court may dismiss a proposed complaint where it finds that the action is "frivolous or malicious," fails to state a claim upon which relief can be granted, or where monetary relief is sought "against a defendant who is immune from such relief." 28 U.S.C. § 1915(d)(2)(B).

Although "[*p*]*ro se* complaints are to be construed particularly liberally" when considering dismissal, *Mitchell v. Keane*, 974 F. Supp. 332, 338 (S.D.N.Y. 1997) *aff'd*, 175 F.3d 1008 (2d Cir. 1999), they must nonetheless state a plausible claim for relief. *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* at 678.

### III. Analysis and Conclusions.

#### A. Claims Against United States Government and Its Agencies.

As a general rule, the doctrine of sovereign immunity "shields the Federal Government and its agencies from suit," and divests the court of subject matter jurisdiction over claims brought against them. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (*citing Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940)). "The sovereign immunity of the United States may only be waived by a federal statute." *Id.* Because the FBI, the CIA, Secret Service, the Department of Homeland Security, the Federal Bureau of Prisons, the U.S. Army, and the U.S. Air Force are all federal agencies, they are entitled to sovereign immunity unless the case arises under a federal statute expressly waiving sovereign immunity. *See, e.g., Hayes v. Fed. Bureau of Investigation*, 562 F. Supp. 319, 322 (S.D.N.Y. 1983) (dismissing claims against FBI for lack of jurisdiction on sovereign immunity grounds).

Under § 702 of the Administrative Procedure Act ("APA"), Congress "has waived the defense of sovereign immunity in certain suits brought against federal agencies for equitable relief." *Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir. 1991) (citing 5 U.S.C. § 702).[2] To the extent Mr. Rishar seeks equitable relief against the United States Government or its agencies pursuant to § 702, his allegations regarding a secret torture program are not plausible, as required by *Iqbal* and *Twombly*. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (affirming dismissal

---

[2] Section 702 provides "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. . . any mandatory or injunctive decree shall specify the Federal officer . . . personally responsible for compliance." 5 U.S.C. § 702.

4

where complaint alleging 9/11 conspiracy based on "a series of unsubstantiated and inconsistent allegations" and concluding that "the courts have no obligation to entertain pure speculation and conjecture."); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (district court may dismiss *in forma pauperis* complaint *sua sponte* where allegations are "fanciful," "fantastic," or "delusional") (citation omitted); *see also Rishar v. United States Government*, No. 1:14-cv-81 (D. Vt. May 9, 2014), ECF No. 2, *aff'd* No. 14-1747 (2d Cir. Sept. 19, 2014). Accordingly, these claims are DISMISSED.

### B. Claims Against the Republic of Ireland.

Generally, foreign states such as the Republic of Ireland are "immune from the jurisdiction of the courts of the United States[,]" unless certain statutory exceptions apply. 28 U.S.C. § 1604. Therefore, all claims against the Republic of Ireland are DISMISSED.

### C. Claims Against Remaining Defendants.

Mr. Rishar's remaining claims lack sufficient allegations to render them plausible under *Iqbal* and *Twombly*. Mr. Rishar alleges that Defendants White Market, Price Chopper, Rite Aid Pharmacy, Kinney Drugs, Littleton Food Coop, Shaw's Grocery Store, and St. Johnsbury Food Coop have "poisoned" him, Doc. 5 at 5, and otherwise alleges that all Defendants are part of a broader Secret Police conspiracy. *Id.* Taken in context, and drawing all reasonable inferences in Mr. Rishar's favor, the court nonetheless exercises its discretion to not "entertain pure speculation and conjecture," *see Gallop*, 642 F.3d at 368, and concludes that Mr. Rishar fails to state a claim upon which relief can be granted with respect to any of the remaining Defendants. As a result, all remaining claims are DISMISSED.

### D. Leave to Amend.

Although courts generally grant *pro se* plaintiffs leave to amend at least once, *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002), it is not necessary where an amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). A liberal reading of Mr. Rishar's pleading does not suggest the presence of a valid claim against any of the Defendants, especially given

that the federal government and its agencies are entitled to sovereign immunity. Therefore, the court concludes that granting leave to amend would be futile.

## Conclusion

For the reasons set forth above, upon conducting the review required under 28 U.S.C. § 1915(a)(1), the request to proceed *in forma pauperis* is GRANTED, and all claims are DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2)(B). Mr. Rishar's motions for a temporary restraining order and a preliminary injunction are DENIED AS MOOT.

The court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith. Mr. Rishar currently has an appeal pending in the matter *In re: John Rishar*, 2:14-mc-00103, which raises a similar set of issues.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 23rd day of September, 2015.

Geoffrey W. Crawford, Judge
United States District Court